UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH MALDONADO,

                    Petitioner,                    16-cv-4864(PKC)
      - v. -                                      11-cr 568(PKC)

                                                          OPINION AND
                                                            ORDER
UNITED STATES OF AMERICA,

                    Respondent.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        Petitioner Joseph Maldonado, who is proceeding pro se, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts that he was denied the effective assistance of counsel because he was erroneously told that he would be subject to a career offender enhancement under the sentencing guidelines and that this advice led him to plead guilty, and his lawyer at no point challenged the erroneous designation as a career offender for which he, in fact, received an enhancement at the time of sentencing. For reasons that will be explained, the motion will be denied.

The Indictment, Plea Agreement and Plea Allocution

        The indictment charged Maldonado with conspiring to distribute and possessing with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin. Pursuant to a plea agreement with the government, he was allowed to plead guilty to a conspiracy to distribute one kilogram and more of heroin. Because he had prior New York State convictions for Assault in the First Degree, Criminal Sale of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance in the Fifth Degree, as well as three other New York State convictions, the plea agreement recited that he qualified as a career offender

under U.S.S.G. §4B1.1 and would be in Criminal History Category ("CHC") VI. (Plea Agreement, pp.3-4.) The "Stipulated Guideline Range" in the plea agreement was 262 to 327 months' imprisonment with a mandatory minimum term of 120 months' imprisonment. (Id. at 4.)

At his June 5, 2012 plea allocution, Joseph Maldonado expressed his satisfaction with his lawyer's representation of him, acknowledged that he had read and discussed the plea agreement with his lawyer on "numerous" occasions, and stated that he understood the plea agreement before he signed it. (6/5/12, Tr. 26, 36.) He was advised that "any prediction, calculation or estimate that anyone has made to you as to what sentence [the Court] might give you is not binding on [the Court] and if it turns out to be wrong you will not be permitted to withdraw your guilty plea." (Id., Tr. 37.) He acknowledged that the "Stipulated Guideline Range" in the plea agreement was 262 to 327 months imprisonment. (Id., Tr. 38.)

The Presentence Report and Sentencing

The Presentence Report ("PSR") placed Maldonado in Total Offense Level 34, which included a 5-level career offender enhancement under U.S.S.G. §4B1.1 (Nov. 1, 2011 ed.) The guideline provided that

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Probation concluded that Maldonado, who was over 18 at the time of his participation in the conspiracy to distribute heroin, qualified for the career offender enhancement because of his New York State convictions for Criminal Sale of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance in the Fifth Degree. Probation's

guideline calculation resulted in the same guideline range that the parties had agreed to in the plea agreement, 262 to 327 months imprisonment.

At sentencing, the Court confirmed that Maldonado had read, reviewed and discussed with his lawyer the PSR, its recommendation and addendum. (4/9/13, Tr. 3.) His lawyer confirmed that Maldonado had no objections to the guideline calculation in the PSR. (Id., Tr. 6.) In speaking on behalf of Maldonado, his lawyer urged the Court

> not to impose a career criminal guideline here. Your Honor need not do that. It's not required. It's not mandatory. I submit that it overstates his role in this case and that the sentencing guideline range absent the career criminal category, the mandatory minimum in this case more than adequately, more than sufficiently meets all the goals of sentencing for this case.

(Id., Tr. 11.)[1] The government, in contrast, urged the imposition of a guideline sentence. (Id., Tr. 14-17.)

The Court, for reasons stated, including a review of the factors under 18 U.S.C §3553(a), concluded that a sentence below the advisory guidelines was sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). (Id., Tr. 21.) The Court advised the parties that it intended to sentence Maldonado to 168 months' imprisonment, with 5 years' supervised release, waiver of the fine, and imposition of the $100 special assessment. This sentence would be 94 months below the bottom of the advisory guideline range. (Id.)

The Court then inquired whether "the defendant or his counsel have any objection to the Court's proposed sentence or the statement of reasons for that sentence" and counsel

---

[1] Maldonado's lawyer's sentencing memorandum made a similar request for a below guideline sentence because of the "inequities inherent" in the career offender enhancement and, to avoid "unwarranted disparity," because other judges often gave below guideline sentences in career offender enhancement cases. (Sentencing Mem. at 2-3; Doc 275.)

3

responded in the negative. (Id.) The Court pronounced sentence and notified Maldonado of his right to appeal. (Id., Tr. 21-23.)

Maldonado's Rule 35 Motion

By letter dated April 10, 2013, Maldonado, proceeding pro se, wrote to the Court asserting that the guideline enhancement for a career offender ought not have been imposed and seeking relief under Rule 35, Fed. R. Crim. P. After receiving a response from the government, the Court denied the motion in a written Order that explained, among other matters, that the guideline calculation was correct. (Order of 9/6/13; Doc 365.) No appeal was taken from that Order.

DISCUSSION

A. Maldonado Waived His Right to Appeal or Collaterally Attack His Sentence.

In his plea agreement with the government, Maldonado agreed that he would "not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 262 to 327 months' imprisonment . . . ." (Plea Agreement, p.6.) At his plea allocution, the Court questioned Maldonado on this provision and he expressed an understanding that he was waiving his right to appeal or attack a sentence unless the sentence was above the "Stipulated Guideline Range" in the plea agreement. (6/5/12, Tr. 39.) The Court expressly found that the plea agreement was "knowingly, intelligently and voluntarily" entered into, "including with respect to the waiver of appeal or the right to challenge a conviction or sentence by way of a collateral attack, including through a habeas petition." (Id., Tr. 46.)

It is well settled in this Circuit that where, as here, a defendant knowingly and voluntarily waives his right to appeal or collaterally attack a sentence within a stipulated guidelines range, he may not then appeal or attack the sentence, except in limited circumstances. See United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000) ("This Court has repeatedly upheld the validity of . . . waivers, with the obvious caveat that such waivers must be knowingly, voluntarily, and competently provided by the defendant."); see also United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) ("It is . . . well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.") (quoting United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998)). Further, even a sentence that is "conceivably imposed in an illegal fashion or in violation of the Guidelines, but . . . still within the range contemplated in the plea agreement" is permissible. Gomez-Perez, 215 F.3d at 319 (citing United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995)). A knowing and voluntary waiver of a collateral attack forecloses a section 2255 constitutional challenge to the application of the career offender guideline. Sanford v. United States, 841 F.3d 578, 579 (2d Cir. 2016).

Because Maldonado's acceptance of his plea agreement, including its waiver of collateral attack, was made knowingly and voluntarily, his collateral attack waiver is enforceable and bars the present motion.

B. Maldonado's Claim is Barred by the Statute of Limitations.

A federal prisoner seeking relief under section 2255 generally can file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made

5

retroactively available to cases on collateral review; or (4) when the facts supporting the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under section 2255(f)(1), a judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

It is incontrovertible that Maldonado's June 21, 2016 motion under section 2255 was filed more than one year after the judgment as to which there was no appeal became final, i.e. April 24, 2013. Rule 4(b), Fed. R. App. P.

Maldonado contends that his motion is timely because it was brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" in Mathis v. United States, 136 S. Ct. 2243 (2016). 28 U.S.C. § 2255(f)(3). The Second Circuit has held that Mathis did not announce a new constitutional right retroactively applicable for cases on collateral review. Washington v. United States, 868 F.3d 64, 66 (2d Cir. 2017).[2] Thus, because Mathis does not announce a new constitutional right retroactively applicable in collateral review cases, it cannot serve as the basis for restarting the statute of limitations in this case.

Maldonado's section 2255 motion is time barred.

CONCLUSION

---

[2] Maldonado relies upon Montgomery v. Louisiana, 136 S. Ct. 718 (2016) in assessing whether a holding is a new substantive rule that should be given retroactive effect. But Montgomery was decided before the Second Circuit ruled in Washington.

6

Maldonado's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.[3] The Clerk is directed to close the case captioned 16 Civ. 4864 (PKC). His application for the appointment of counsel is DENIED as moot; the legal points were ably briefed by Maldonado and did not require the appointment of counsel.

Maldonado has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 9, 2018

---

[3] Because Maldonado's claims are barred by his knowing and voluntary waiver and by the statute of limitations, his reliance upon United States v. Townsend, 897 F.3d 66, 67 (2d Cir. 2018), and Harbin v. Sessions, 860 F.3d 58 (2d Cir. 2017), does not alter the Court's analysis.