UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,        11-cr-568 (PKC)

   -against-           ORDER

JOSEPH MALDONADO,

        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

   Defendant Joseph Maldonado has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits a judge to reduce a sentence if the defendant was sentenced under a guideline range that has been lowered by the Sentencing Commission "after considering the factors set forth in section 3553(a) . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Effective November 1, 2014, the Sentencing Commission adopted Amendment 782 that retroactively modified the base offense level for certain drug-related offenses, including those involving heroin. U.S.S.G. supp. app. C; amend. 782 (2014). Maldonado urges that the retroactive application of Amendment 782 requires a reduction in his sentence.

   The indictment, plea agreement and included appellate waiver, plea allocution and sentencing are reviewed in detail in this Court's Opinion and Order of November 9, 2018 denying Maldonado's section 2255 motion, and familiarity with that decision is assumed. (Doc 527.)[1] It suffices to note that his advisory guidelines range was 262 to 327 months'

---

[1] An appeal from the denial of the section 2255 motion was dismissed by the Second Circuit and the mandate was filed on April 2, 2019. (Doc 530).

Mailed to Joseph Maldonado 11/25/2020

imprisonment calculated with a 5-level career offender enhancement under U.S.S.G. § 4B1.1 (Nov. 1, 2011 ed.). The Court sentenced him principally to a term of 168 months' imprisonment, which was 94 months below the bottom guideline.

A sentencing reduction application is subject to a two-step inquiry that considers: "(1) whether the defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2), and (2) whether a reduction is warranted in light of the factors listed in 18 U.S.C. § 3553(a)." United States v. Leonard, 844 F.3d 102, 106 (2d Cir. 2016) (citing Dillon v. United States, 560 U.S. 817, 826 (2010)). Maldonado is not eligible for a sentence reduction based upon an adjustment of the drug quantity guideline because he was sentenced as a career offender. Thus, his guideline range would not have been affected by the now reduced guideline range relating to heroin if it had been in effect at the time of sentencing. The Sentencing Commission's Application Note makes plain that a sentence should not be reduced if the new guideline reduction would not have affected the defendant's guideline range. U.S.S.G. § 1.B.10 Application Note 1(a). "For career offenders, the guideline range determined before consideration of any departure or variance is the career offender range, and hence career offenders are not eligible for a reduction even where the otherwise applicable drug guidelines ranges were lowered." United States v. Walker, 702 F. App'x 13, 14 (2d Cir. 2017); see also United States v. Suarez, 633 F. App'x 562, 563 (2d Cir. 2016) (citing United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010) and United States v. Martinez, 572 F.3d 82, 84–85 (2d Cir. 2009)).

A second ground asserted by defendant is that his criminal history included a conviction that, in his view, should not have been considered. The claim is barred by defendant's waiver of the right to collaterally attack or challenge a sentence within or below the guideline range in the plea agreement, and this Court has previously found that waiver to have

been knowing and voluntary.  <u>See</u> Opinion and Order of November 9, 2018, at 5.  In any event, the claim could not be raised in a motion under section 3582(c)(2) but could only be brought in a new section 2255 motion, which would be a successive motion requiring leave from the Court of Appeals.  28 U.S.C. §2255(h).

The defendant's motion is DENIED.  The Clerk is directed to terminate the motion.  (Doc 545).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        November 25, 2020